Entered on Docket Jan. 15, 2010

*** * * NOT FOR PUBLICATION[1] * * ***
**POST ON COURT'S WEBSITE**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>JAMES A. GALLOGLY,<br>Debtor. | No. 09-40672 |
| ELIAS LOU ABUSAID, JR.,<br>Plaintiff,<br>vs.<br>JAMES A. GALLOGLY,<br>Defendant. | Adversary No. 09-4061<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR FEES AND COSTS; DENYING DEFENDANT'S REQUEST FOR A FINDING THAT PLAINTIFF IS A VEXATIOUS LITIGANT, AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |

I have considered Defendant's request for fees and costs, and for an order finding Plaintiff a vexatious litigant and requiring him to obtain counsel or court permission prior to filing any further action against Defendant (docket no. 59), Plaintiff's response (docket no. 75), and Defendant's reply (docket no. 77), along with supporting declarations and affidavits (docket nos. 63, 64, 66, 70, 79).

[1] **THIS ORDER IS NOT APPROVED FOR PUBLICATTON AND MAY NOT BE CITED EXCEPT WHEN RELEVANT UNDER THE DOCTRINE OF LAW OF THE CASE OR OF PRECLUSION.**

(09-4061 - Abusaid v. Gallogly)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR FEES AND COSTS; DENYING DEFENDANT'S REQUEST FOR A FINDING THAT PLAINTIFF IS A VEXATIOUS LITIGANT; AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT - 1 of 5

I have further considered Plaintiff’s Motion to Alter or Amend Court’s Order of 11/13/2009 (docket no. 68), Defendant’s response (docket no. 72), and Plaintiff’s reply (docket no. 81), and supporting declarations (docket nos. 69, 73, and 81).

1. Fees and Costs? According to the Supplemental Declaration of Christopher Marston filed 11 December 2009 (docket no. 79), Defendant has incurred attorney’s fees of $11,655.00 and costs of $591.29, consisting of $354.10 to obtain copies of court records in Florida court proceedings, $62.31 for mailing costs, and $174.88 of costs incurred by his counsel (parking expense, FedEx fees, research fees, photocopies and postage).

Defendant does not base his request on any statutory or contractual provision. Nor has Defendant complied with the safe harbor provisions of Rule 9011(c)(1)(A)[2], so an award of sanctions under that rule is not appropriate. And given the solicitude to be accorded pro se litigants, Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986), I am neither prepared to find bad faith on this record nor to award fees either as a matter of discretion under Rule 7054 or on an equitable basis. However, an award of costs under Rule 7054 is appropriate. Plaintiff argues that defendants have not shown their entitlement to these costs because they were not presented in a bill of costs and do not fall into the

[2] Absent contrary indication, all “Rule” references are to the Federal Rules of Bankruptcy Procedure.

(09-4061 - Abusaid v. Gallogly)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT’S REQUEST FOR FEES AND COSTS; DENYING DEFENDANT’S REQUEST FOR A FINDING THAT PLAINTIFF IS A VEXATIOUS LITIGANT; AND DENYING PLAINTIFF’S MOTION TO ALTER OR AMEND JUDGMENT - 2 of 5

categories enumerated in 28 USC § 1920.[3] He is correct that the only allowable costs are those authorized by that statute, see In re O'Callaghan, 304 B.R. 887, 889 (Bankr. M.D. Fla. 2003), and expenses that are not authorized by statute must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-45 (1987). The allowable costs can be discerned from docket no. 63, and those are the copying costs, totaling $62.40, which I will award.

2. Vexatious litigant? Defendant did not request a declaration that Plaintiff is a vexatious litigant in his answer. Further, the issuance of an order restricting access to the court requires (among other things), a substantive finding of frivolousness. De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990). On the record before me, I am

---

[3] Which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

(09-4061 - Abusaid v. Gallogly)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR FEES AND COSTS; DENYING DEFENDANT'S REQUEST FOR A FINDING THAT PLAINTIFF IS A VEXATIOUS LITIGANT; AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT - 3 of 5

unable to make that finding, even if one could properly be made without an evidentiary hearing. See Rule 9014(e). And I note that the facts supporting the relief in cases such as DeLong and Moski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007), which characterize such relief as “an extreme remedy which should rarely be used[,]” were much more extensive than the ill-founded pursuit of a single case.

3. Motion to alter or amend. Plaintiff moves to alter or amend the order entered 13 November 2009, apparently with respect to the possible award of fees and costs to Defendant, asserting he did not receive the prior court order. That order ( docket no. 53) was served on Plaintiff at his address on record with the court, as indicated in the certificate of service thereon. Service by mail is complete upon mailing. Rule 7005; FRCP 5(b). Mail properly addressed, stamped, and deposited in an appropriate receptacle creates a rebuttable presumption of its receipt:

> A presumption of receipt is established by showing of proper mailing. Mere denial of receipt is insufficient to rebut the presumption; clear and convincing evidence is required.

In re State Line Hotel, Inc., 323 B.R. 703, 709 (9th Cir. BAP 2005), vacated as moot, 242 Fed. Appx. 460 (9th Cir. 2007) (citations omitted). Moreover, given the denial of Defendant’s request for fees and costs, Plaintiff’s motion is moot.

**It is therefore ORDERED**:

1. Defendant is **AWARDED** costs under Rule 7054 in the amount of $62.40;

2. The balance of Defendant’s motion for fees and costs is **DENIED**;

(09-4061 - Abusaid v. Gallogly)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT’S REQUEST FOR FEES AND COSTS; DENYING DEFENDANT’S REQUEST FOR A FINDING THAT PLAINTIFF IS A VEXATIOUS LITIGANT; AND DENYING PLAINTIFF’S MOTION TO ALTER OR AMEND JUDGMENT - 4 of 5

3. Defendant's motion for order declaring Plaintiff a vexatious litigant and requiring him to obtain counsel or court permission prior to filing any further action against Defendant is **DENIED**;

4. Plaintiff's motion to alter or amend judgment is **DENIED**; and

5. The reservation of jurisdiction contained in the Order of Dismissal and Retention of Jurisdiction (docket no. 60) is no longer required, and is **TERMINATED**.

**/// – END OF ORDER – ///**

United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

CERTIFICATE OF SERVICE:
I CERTIFY I SERVED COPIES OF THE FOREGOING (VIA US MAIL, FACSIMILE, OR ELECTRONICALLY) ON:

Christopher J. Marston
Email: cmarston@dpearson.com
(James A. Gallogly)

Elias Lou Abusaid, Jr.
No 42379-018
Federal Satellite Low
2600 Hwy 301 S
Jesup, GA 33599

Kathryn A. Ellis, Trustee
Served via ECF

US Trustee
Served via ECF

Date: January 15, 2010

By: /s/ Juanita C. Kandi

(09-4061 - Abusaid v. Gallogly)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR FEES AND COSTS; DENYING DEFENDANT'S REQUEST FOR A FINDING THAT PLAINTIFF IS A VEXATIOUS LITIGANT; AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT - 5 of 5